UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GONZA SIMMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00774-SEB-MJD |
| | ) |
| CORE CIVIC, | ) |
| WILLIAMS, | ) |
| PROBST, | ) |
| REYNOLDS, | ) |
| EASON BROWN, | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion to Proceed *In Forma Pauperis*,
Screening and Dismissing Complaint, and
Directing Plaintiff to Show Cause or Amend**

**I. IFP Motion**

Mr. Simms' motion to proceed *in forma pauperis*, dkt. [2], is **granted.** Notwithstanding the foregoing ruling, "[a]ll [28 U.S.C.] § 1915 has ever done is excuse pre-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). The assessment of even an initial partial filing fee is waived because the plaintiff has no assets and no means by which to pay a partial filing fee. 28 U.S.C. § 1915(b)(4). Accordingly, no initial partial filing fee is due at this time.

**II. Screening Standard**

Mr. Simms was a pre-trial detainee incarcerated at the Marion County Jail (the Jail) during the timeframe of the allegations in his complaint. Because the plaintiff was a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his

complaint before services on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Mr. Simms are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. Mr. Simms' Complaint

Mr. Simms names the following defendants employed at the Jail in his complaint: (1) Chief Williams, Head of Security; (2) Dr. Probst, Medical Supervisor; (3) Dr. Reynolds, Medical Supervisor; (4) Eason Brown, Grievance Coordinator; and (5) Core-Civic. *See* dkt. 1. Mr. Simms alleges that while he was housed at the Jail on December 7, 2019, defendants did not reclassify him to a bottom bunk, and that he was told he could not sleep on the floor. *Id.* at 2. Mr. Simms alleges that "[d]efendants did influence [him] to fall off of bunk" later. *Id.*

Mr. Simms alleges that "[d]efendants did initially attempt to sabatoge [sic] medical provision" and "did obstruct grievance process by not submitting, filing nor return/reply of grievances." *Id.* He alleges he seeks relief for not receiving medical pain relief or a hospital visit, and that he was denied an ambulance because Core-Civic refused transport.

Mr. Simms alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights were violated as well as the Indiana Constitution. *Id.* Mr. Simms seeks compensatory damages and injunctive relief.

## IV. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, Mr. Simms must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). The threshold inquiry in a § 1983 suit, is to "identify the specific constitutional right" at issue. *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 920 (2017) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

"[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Because Mr. Simms was a pretrial detainee, his claims are understood to be brought under the Fourteenth Amendment. *McCann v. Ogle City, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). Any claims asserted under the First, Fifth, or Eighth Amendments are **dismissed for failure to state a claim upon which relief can be granted**.

Any claim invoking a violation of the Indiana Constitution is **dismissed for failure to state a claim upon which relief can be granted** because there is no private right of action for damages under the Indiana Constitution under the circumstances alleged by Mr. Simms. *Cantrell v. Morris*, 849 N.E.2d 488, 491-93 (Ind. 2006); *City of Indianapolis v. Cox*, 20 N.E.3d 201, 212 (Ind. Ct. App. 2014) (rejecting claim under Article 1, section 23 because "no Indiana court has explicitly recognized a private right of action for monetary damages under the Indiana Constitution.") (internal quotation omitted); *Hoagland v. Franklin Twp. Cmty. Sch. Corp.*, 10 N.E.3d 1034, 1040

(Ind. Ct. App. 2014) ("[T]here is no right of action for monetary damages under the Indiana Constitution"), *aff'd in relevant part*, 27 N.E.2d 737 (Ind. 2015).

### 1. Due Process

The Court does not find that Mr. Simms' complaint raises any viable due process claims. "[T]he controlling inquiry for assessing a due process challenge to a pretrial detainee's medical care proceeds in two steps." *McCann*, 909 F.3d at 886. The first step, "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [plaintiff's] case." *Id.* (internal quotation omitted). "A showing of negligence or even gross negligence will not suffice." *Id.* The second step asks "whether the challenged conduct was objectively reasonable." *Id.*

Mr. Simms' complaint ultimately fails both steps. Essentially, Mr. Simms alleges that he fell off the top bunk at the Jail. He alleges no known medical condition, however, of which the defendants were aware that rendered assigning him to a top bunk objectively unreasonable. He has not alleged sufficient facts to allow a reasonable inference that he required but was denied emergency hospitalization or pain medication. Mere negligence does not state a constitutional claim. His Fourteenth Amendment claim is **dismissed for failure to state a claim upon which relief can be granted.**

Furthermore, Mr. Simms' allegations that defendants obstructed the grievance process also does not state a viable constitutional claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For these reasons, Mr. Simms' complaint must be dismissed for failure to state a claim upon which relief can be granted.

**2. Identification of defendants**

Throughout Mr. Simms' complaint he refers to "defendants" collectively or states that the Chief and medical staff failed to resolve his informal grievances. Mr. Simms fails to identify any specific liability of the individuals named in the complaint. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Circ. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

To the extent Mr. Simms names Core Civic as a defendant, he does not allege that Core Civic has a policy of refusing the transportation of inmates to a hospital. *See Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010) ("to maintain a viable § 1983 action against a government agent (such as [Core Civic] … a plaintiff must demonstrate that a constitutional deprivation occurred as the result of an express policy or custom promulgated by that entity or an individual with policymaking authority."). Therefore, any claim against Core Civic is **dismissed for failure to state a claim upon which relief can be granted.**

For these reasons, Mr. Simms' complaint must be dismissed for failure to state a claim upon which relief can be granted.

### V. Conclusion

As discussed in Part I, Mr. Simms' motion for leave to proceed *in forma pauperis*, dkt. [2],

is **granted**.

Mr. Simms' complaint must be **dismissed for failure to state a claim upon which relief can be granted** for each of the reasons set forth above. 28 U.S.C. § 1915A(b).

Mr. Simms **shall have through April 20, 2020**, in which to file an amended complaint that cures the deficiencies discussed or show cause why Judgment consistent with this Entry shall not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Any amended complaint should be titled "amended complaint" and shall have the proper case number, 1:20-cv-00774-SEB-MJD on the front page.

If Mr. Simms fails to respond to this Entry, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 3/23/2020

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

GONZA SIMMS
2913 S. Draper
Indianapolis, IN 46203